Román D. Hernández, OSB #011730
Email: roman.hernandez@klgates.com
K&L GATES LLP
1 SW Columbia Street, Suite 1900
Portland, OR 97258
Tel.: (503) 228-3200
Fax: (503) 248-9085

Attorney for Defendants FedEx Freight, Inc.,
Tom Melder, Rob Jasper, and Christy Tayman

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MICHAEL HERNANDEZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>FEDEX FREIGHT, INC., TOM MELDER,<br>ROB JASPER, and CHRISTY TAYMAN,<br><br>                    Defendants. | Case No. 2:16-CV-01495-SU<br><br>**DEFENDANTS TOM MELDER, ROB JASPER, AND CHRISTY TAYMAN'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM**<br><br>**Oral Argument Requested** |

**Local Rule 7-1 Certificate of Compliance**

Defendants Tom Melder, Rob Jasper and Christy Tayman (hereinafter the "Individual Defendants") move to dismiss Plaintiff Michael Hernandez's ("Plaintiff") Ninth Claim for Relief (ORS 659A.030 - Aiding and Abetting Discrimination/Retaliation) with prejudice. Counsel for the Individual Defendants conferred in good faith with Ms. Christina Stephenson, counsel for Plaintiff, via phone call on October 21, 2016, but the parties were unable to resolve the dispute.

**MOTION**

The individual defendants respectfully move to dismiss Plaintiff's Ninth Claim for Relief (ORS 659A.030 - Aiding and Abetting Discrimination/Retaliation) with prejudice for failure to

PAGE 1 – DEFENDANTS' MOTION TO DISMISS AND
SUPPORTING MEMORANDUM

state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure

12(b)(6).

## MEMORANDUM IN SUPPORT OF MOTION

### I.      INTRODUCTION

Plaintiff asserts a single claim for relief against the Individual Defendants in this matter,

aiding and abetting discrimination and retaliation, but has not pled sufficient facts in support of

that claim.  First, the allegations asserted against the Individual Defendants do not satisfy the

pleading standards established by the United States Supreme Court.  Simply asserting that each

Defendant "violated ORS 659A.030(1)(g) by aiding, abetting, inciting, compelling and/or

coercing discrimination and retaliation of Plaintiff, as set forth above" is precisely the type of

threadbare and conclusory allegation that the Supreme Court has previously rejected.  Moreover,

the additional allegations in the complaint regarding the Individual Defendants provide no

support for the claim that they aided or abetted any illegal conduct.  Second, even if the

allegations in the complaint had been made with sufficient particularity, the claim against Mr.

Melder should also be dismissed because the allegations identify Mr. Melder as a primary actor

in the termination decision, and a primary actor cannot be found liable for aiding and abetting

under Oregon law.  Last, the allegations against Ms. Tayman are insufficient as a matter of law

because simply providing an employee with information about his employment status does not

state a claim for aiding and abetting discrimination and retaliation under ORS 659A.030(1)(g).

Accordingly, the Ninth Claim for Relief should be dismissed with prejudice under Federal Rule

of Civil Procedure 12(b)(6).

### II.      STATEMENT OF FACTS[1]

Plaintiff is a resident of Washington and a former employee of FedEx Freight, Inc.

("FedEx").  Compl. ¶¶ 1, 5, 8.  FedEx is an Arkansas Corporation that has a location for

---

[1] The Individual Defendants rely on Plaintiff's allegations as set forth in its Complaint for
purposes of this motion only.  By doing so, the Individual Defendants do not admit to the
truthfulness of any of those allegations, and they expressly reserve the right to contest and/or
deny Plaintiff's allegations in the future.

PAGE 2 –DEFENDANTS' MOTION TO DISMISS AND
SUPPORTING MEMORANDUM

transaction of business in Hermiston, Oregon. *Id.* ¶ 6, 12. Plaintiff began working for FedEx on October 28, 2013 as a freight truck driver. *Id.* ¶ 11. Plaintiff was terminated by FedEx on May 29, 2015. *Id.* ¶ 30. Plaintiff alleges that he was terminated for absences relating to his medical condition and his refusal to work. *Id.* ¶¶ 16, 30. Plaintiff appealed his termination and FedEx's corporate HR upheld the termination decision on June 29, 2015. *Id.* ¶ 32. Plaintiff filed this lawsuit on July 25, 2016, seeking recovery for alleged discrimination and retaliation, and asserts eight claims for relief against Defendant FedEx. *Id.* ¶¶ 33-78. Plaintiff also asserts a single claim for "Aiding and Abetting Discrimination/Retaliation" against Individual Defendants Melder, Japser, and Tayman. *Id.* ¶¶ 79-81. Plaintiff does not assert any other causes of action against the Individual Defendants.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. The Supreme Court expounded upon that rule in *Iqbal* and *Twombly*, in which it made clear that federal pleading standards require a complaint to contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The *Twombly* standard applies to all claims brought in federal court. *Iqbal*, 556 U.S. at 684; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 970-72 (9th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While a court must accept plaintiff's *factual*, non-conclusory allegations for the purposes of a motion under Rule 12(b)(6), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "[C]onclusory allegations of

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal quotations omitted). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S., at 555-57). The touchstone of *Iqbal* and *Twombly* is plausibility -- the plaintiff is charged with stating a plausible, not merely possible, cause of action that is based on factual allegations and the reasonable inferences that may be drawn from them. *Twombly*, 550 U.S. at 570. It is the plaintiff's burden to allege enough substance so as to "nudge[] her claims across the line from conceivable to plausible." *Id*.

When a plaintiff's complaint fails to plead facts supporting entitlement to relief, it is appropriate to grant a dismissal under FRCP 12(b)(6) at the earliest practicable stage, because the complaint's "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotations omitted). In this case, Plaintiff's conclusory allegations against the Individual Defendants in the Ninth Claim for Relief are exactly the type of "unadorned," "naked assertion[s]" that the Supreme Court has declared insufficient, and there is no plausible claim for aiding and abetting under ORS 659A.030 as alleged. Accordingly, the claim must be dismissed with prejudice.

## IV.    ARGUMENT

### A.  Plaintiff's Aiding and Abetting Claim Contains Conclusory Allegations that Must be Dismissed For Failure to State a Claim Upon Which Relief Can be Granted

Plaintiff's Ninth Claim for Relief for ORS659.030 for "Aiding and Abetting Discrimination/Retaliation" must be dismissed because it contains conclusory allegations that do not state a claim against any of the Individual Defendants. Indeed, the allegations against the Defendants simply state: "Defendant Medler [sic] violated ORS 659.030(1)(g) by aiding, abetting, inciting, compelling and/or coercing discrimination and retaliation of Plaintiff, as set

PAGE 4 –DEFENDANTS' MOTION TO DISMISS AND
SUPPORTING MEMORANDUM

forth above.  Defendant Jasper violated ORS 659.030(1)(g) by aiding, abetting, inciting, compelling and/or coercing discrimination and retaliation of Plaintiff, as set forth above. Defendant Tayman violated ORS 659.030(1)(g) by aiding, abetting, inciting, compelling and/or coercing discrimination and retaliation of Plaintiff, as set forth above."  Compl. ¶ 80.  Nowhere in the Complaint does Plaintiff describe any purportedly discriminatory or retaliatory conduct.

These threadbare allegations are precisely what the United States Supreme Court has indicated are insufficient to state a claim.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  In this case, Plaintiff Ninth Claim for Relief is entirely devoid of *any* factual allegations that might establish its claim against any of the defendants.  It does not indicate what actions the Individual Defendants allegedly took to aid and abet discrimination or retaliation.

For example, the only allegations that relate at all to Mr. Melder in the Complaint state that Plaintiff disclosed a disability to him, that Plaintiff and Mr. Melder discussed the call block option, that Mr. Melder "wasn't in when Plaintiff was discharged from the ER," that Mr. Melder acknowledged Plaintiff's FMLA application, and that Plaintiff was terminated by Mr. Melder for refusal to work.  Compl. ¶¶ 14, 17, 19, 20, 30.  None of these allegations identify any conduct that aids or abets discrimination or retaliation.

As to Mr. Jasper, Plaintiff alleges only that Plaintiff and Mr. Jasper discussed the "call block" option, that Mr. Jasper called him asking him to work during the designated call block time for a trip, that Mr. Jasper offered an alternate task to Plaintiff in lieu of the trip he was originally asked to do, that Plaintiff would have to make a statement regarding his absence from work, and that Mr. Jasper would need a doctor's note to be released to work.  *Id.* ¶ 14, 26-29. Nowhere in the Complaint does Plaintiff explain how the Mr. Jasper aided or abetted any type of retaliation or discrimination.  Indeed, nowhere in the Complaint is there any allegation that individual defendant Jasper was even aware of any alleged disability.

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

Last, as to Ms. Tayman, Plaintiff alleges only that she concluded Plaintiff returned to work a certain day, that she would remove a point for Plaintiff's absence, and that Plaintiff would only receive one point for his absences. *Id.* ¶ 15. These allegations do not indicate that Ms. Tayman aided or abetted any illegal activity.

Accordingly, these are precisely the types of claims that must be dismissed for failure to state a claim under *Iqbal* and *Twombly* because they do not provide anything beyond naked assertions devoid of the factual enhancement necessary to state a claim. *Iqbal*, 556 U.S. at 678 (A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S., at 555-57). A single sentence alleging that the Individual Defendants aided and abetted discrimination and retaliation combined with various references throughout the Complaint to the Individual Defendants not tied to any of the elements of the claim for relief is not sufficiently pled. Therefore, the Ninth Claim for Relief must be dismissed with prejudice.

**B. The Ninth Claim for Relief Must be Dismissed for Failure to State a Claim Against Individual Defendant Melder Because A Primary Actor Cannot be Liable for Aiding and Abetting**

Plaintiff's claim against Defendant Melder also must be also dismissed because Plaintiff's allegations, if take as true on their face, assert that Mr. Melder was the primary actor who made the decision to terminate Plaintiff. Multiple Oregon cases have held that the primary actor in a termination cannot be found liable for aiding and abetting. *See, e.g. Hannan v. Business Journal Publ'ns, Inc.*, No. 3:14-cv-00831, 2015 WL 7720496, at *2 (D. Or. Nov. 30, 2015) ("ORS § 659A.030(1)(g) is inapplicable to primary actors because a person cannot aid and abet herself.") (internal citations omitted).

In this case, Plaintiff's Complaint alleges that Mr. Melder was the primary actor in the termination. Plaintiff alleges that Mr. Melder was his supervisor and the facility manager. *See* Compl. ¶ 14 (referring to "his supervisor Tom Melder."); *id.* ¶ 17 ("the facility manager, Mr. Melder."). Plaintiff also alleges that he "was terminated by Mr.

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

Melder." *Id.* ¶ 30.  In *Hannan v. Business Journal Publications, Inc.*, an Oregon United States Magistrate Judge noted that an individual defendant was "the person responsible for the decision to terminate [Plaintiff]" and was therefore the "primary actor."  No. 3:14–cv–00831–SB, 2015 WL 9265959, at *17-18 (D. Or. Oct. 2, 2015), *report and recommendation adopted*, 2015 WL 7720496 (D. Or. Nov. 30, 2015).  Accordingly, under Oregon law, Plaintiff alleges that Mr. Melder was the primary actor in his termination.

Taking Plaintiff's allegations as true, as a primary actor, Individual Defendant Melder cannot be found liable for aiding and abetting under ORS Section 695A.030(1)(g) because "a person cannot aid and abet herself."  *See Hannan*, 2015 WL 7720496, at *2.  In *Hannan*, the United States District Court adopted the Magistrate Judge's report and recommendation, dismissing an individual employee Defendant, holding that "[b]ecause [Defendant] served as the primary actor in the decision to terminate [Plaintiff] she has not established that [Defendant] has as any liability for aiding and abetting discrimination under ORS § 659A.030(1)(g)."  *Id.*  Here too, because Plaintiff has alleged that Mr. Melder was the primary actor in the decision to terminate Plaintiff, he cannot establish liability for aiding and abetting discrimination or retaliation under ORS § 659A.030(1)(g), and this claim must be dismissed with prejudice.

### C.   The Ninth Claim for Relief Must be Dismissed for Failure to State a Claim Against Individual Defendant Tayman Because the Allegations Do Not Constitute Aiding and Abetting As a Matter of Law

Plaintiff's claim against Defendant Tayman is particularly deficient because a claim that Ms. Tayman aided and abetted any illegal conduct cannot be maintained as a matter of law.  The only factual allegations in the Complaint regarding Ms. Tayman are contained in Paragraph 15 of the Complaint.  None of these allegations contain any involvement in discriminatory of retaliatory conduct.  The entirety of the allegations state:

> Plaintiff explained the situation to Christy Tayman in FedEx's Human Resources the Department. Ms. Tayman concluded from Plaintiff's log book that he had returned to work on the 29th, and she told Plaintiff that she would remove the "point" issued against him for an absence on August 29th. Ms. Tayman also concluded that even if the absence on the 27th were covered as an absence due a

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

serious health condition, the 27th and 28th absences would only equate one "point" against Plaintiff.

Compl. ¶ 15.  The United States District Court for the District of Oregon has previously found similar facts cannot "by any stretch of the imagination rise to the level of aiding and abetting discrimination" in *Demont v. Starbucks Corporation*, No. 10-cv-644-ST, 2010 WL 5173304, at *5 (D. Or. Dec. 15, 2010) (report and recommendation rejected in part on other grounds).  In that case, Plaintiff alleged that a Starbucks human resources manager received a letter from a doctor requesting accommodation for Plaintiff's alleged disability.  *Id.* at *3.  Plaintiff also alleged that after Plaintiff had received a corrective action for not performing his duties, the human resources manager called Plaintiff indicated that his "unemployment status remained open" and informed him that "his hours had been cut due to the economic slowdown." *Id.*  The United States Magistrate Judge found that Plaintiff failed to allege sufficient facts to establish aiding and abetting liability because the human resources manager only "provided [Plaintiff] with information when he requested it.  This does not, by any stretch of the imagination, rise to the level of aiding and abetting lawful discrimination." *Id.* at *5.  Plaintiffs allegations here are no different -- they simply state that Ms. Tayman provided Plaintiff with information that he requested.  Accordingly, the Ninth Claim for Relief against Ms. Tayman must be dismissed for failure to state a claim upon which relief can be granted because Plaintiff cannot establish that Ms. Tayman aided or abetted discriminatory or retaliatory conduct.

### CONCLUSION

Plaintiff has failed to state a claim for relief against any of the Individual Defendants under the pleading standards of *Iqbal* and *Twombly*, requiring dismissal of the Ninth Claims for Relief under FRCP 12(b)(6).  Additionally, the claim against Individual Defendant Melder fails as a matter of law, because an alleged primary actor cannot be liable for aiding and abetting liability.  Last, the allegations against Defendant Tayman fail as a matter of law to state a claim.

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

Accordingly, the Individual Defendants respectfully request that the Court issue an order

granting its motion to dismiss Plaintiff's Ninth Claim for Relief with prejudice.


Dated this 24th day of October, 2016.

K&L GATES LLP


By:  *s/Román D. Hernández*
     Román D. Hernández, OSB #011730
     Attorney for Defendants FedEx Freight, Inc.,
     Tom Melder, Rob Jasper, and Christy Tayman

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,634 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated this 24th day of October, 2016.

                                    K&L GATES LLP

                                    *s/ Román D. Hernández*
                                    Román D. Hernández, OSB #011730
                                    Email: roman.hernandez@klgates.com
                                    K&L GATES LLP
                                    1 SW Columbia Street, Suite 1900
                                    Portland, OR 97258
                                    Tel.: (503) 228-3200
                                    Fax: (503) 248-9085

                                    Attorney for Defendants FedEx Freight, Inc.,
                                    Tom Melder, Rob Jasper, and Christy Tayman

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a true and correct copy of the foregoing

DEFENDANTS' MOTION TO DISMISS AND SUPPORTING MEMORANDUM upon the

following counsel via the Court's CM/ECF System to:

| **Christina Stephenson**<br>Stephenson Law, LLC<br>521 SW Clay, Suite 107<br>Portland, OR 97201<br>Phone: 503-610-9225<br>Email: christina@stephensonlawpdx.com<br>Of Attorneys for Plaintiff | **Robert K. Meyer**<br>888 SW Fifth Avenue, Suite 650<br>Portland, OR 97204<br>Phone: 503-459-4010<br>Fax: 503-274-1214<br>Email: robert@robertmeyerlaw.com<br>Of Attorneys for Plaintiff |
| --- | --- |

Dated this 24th day of October, 2016.

*s/ Román D. Hernández*
Román D. Hernández, OSB #011730
Email: roman.hernandez@klgates.com
K&L GATES LLP
1 SW Columbia Street, Suite 1900
Portland, OR 97258
Tel.: (503) 228-3200
Fax: (503) 248-9085

Attorney for Defendants FedEx Freight, Inc.,
Tom Melder, Rob Jasper, and Christy Tayman